LORAS L. STEINES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Steines v. Commissioner
Docket No. 22933-93
United States Tax Court
T.C. Memo 1995-261; 1995 Tax Ct. Memo LEXIS 262; 69 T.C.M. (CCH) 2894; June 13, 1995, Filed *262 Loras L. Steines, pro se. For respondent: David S. Weiner. CLAPP
CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes as follows: Addition to tax
Year
Deficiency [1]
Sec. 6663
1990
$ 9,085
$ 6,814
1991
4,670
3,503
This matter is before the Court on respondent's motion for summary judgment filed February 10, 1995, respondent's motion for judgment by default filed March 27, 1995, and respondent's motion for damages pursuant to section 6673 filed March 27, 1995. All section references are to the Internal Revenue Code in effect for the years in issue, and all *263 Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. Respondent's motion for summary judgment was based on matters deemed admitted by reason of petitioner's failure to reply to the allegations of fraud asserted in respondent's Answer and failure to respond to the request for admissions served by respondent under Rule 90. In his petition filed October 25, 1993, petitioner stated he was -- being denied due process or at least being delaley [sic] Due Process, which is affecting * * * [his] due process in any aggressive action, such as this action. Also * * * [he contended] that this action forced on * * * [him] is a clear reprisal by federal and state agents.
Respondent's Answer denied petitioner's allegations of error and alleged facts related to additions to tax for fraud pursuant to section 6663. On March 14, 1994, respondent filed a motion for entry of order that undenied allegations in answer be deemed admitted under Rule 37(c). Pursuant to a notice of filing of motion for order under Rule 37 dated March 15, 1994, petitioner was advised that if he did not file a reply on or before April 4, 1994, the Court would grant respondent's *264 motion and deem admitted the affirmative allegations in respondent's answer. On March 28, 1994, Lorin J. Steines (petitioner's brother) filed "Petitioner's Petition and Status Report to the Court" in which petitioner's brother requested "an abeyance of requirements of the Court rules and an extension of time to further prosecute this case". That filing was treated as petitioner's motion for stay of proceedings. By order dated April 1, 1994, respondent was directed to file a response to petitioner's motion for stay of proceedings on or before April 25, 1994, and respondent filed that response on April 28, 1994. By order dated May 2, 1994, petitioner's motion for stay of proceedings was calendared for hearing on May 23, 1994, at Chicago, Illinois. At the hearing on May 23, 1994, on petitioner's motion for stay of proceedings, there was no appearance by or on behalf of petitioner when the case was called from the calendar, nor was there any appearance by or on behalf of petitioner when the case was recalled on May 24, 1994. The Court then denied petitioner's motion for stay of proceedings by order dated May 24, 1994. By order dated June 6, 1994, the time within which petitioner *265 was to file a reply as required by Rule 37(a) and (b) was extended until June 29, 1994. Petitioner filed no reply, and respondent's motion for entry of order that undenied allegations in answer be deemed admitted was granted on July 6, 1994. On December 14, 1994, respondent mailed to petitioner Respondent's Request for Production of Documents and Respondent's Request for Admissions. Petitioner did not respond to respondent's discovery requests or contact respondent. Petitioner was employed by John Deere Harvester in East Moline, Illinois, during the taxable years 1990 and 1991, and he filed Federal income tax returns for those years on October 16, 1991, and October 22, 1992, respectively. Petitioner claimed a loss in the amount of $ 86,000 on each of his 1990 and 1991 returns. Petitioner did not indicate the nature of the loss for either year. On April 21, 1993, petitioner's brother, acting on behalf of petitioner and as his representative, informed respondent's agent that the Federal Government stole $ 86,000 cash from petitioner's home and that this theft generated the $ 86,000 losses. Petitioner did not incur an $ 86,000 loss during the taxable year 1990 or 1991. Petitioner *266 understated his taxable income on each of his Federal income tax returns for 1990 and 1991 in the amount of $ 86,000. Petitioner understated his Federal income tax liabilities in the amount of $ 9,085 for the taxable year 1990 and $ 4,670 for the taxable year 1991. Petitioner's two-year pattern (which followed 7 years of filing fraudulent returns as noted below) of claiming a false $ 86,000 loss was fraudulent with intent to evade tax. Petitioner's making of false or misleading statements to respondent's agent during the course of the investigation, through his brother and representative, was fraudulent with intent to evade tax. All of the deficiencies in income taxes for the taxable years 1990 and 1991 were due to fraud. Petitioner failed to respond to respondent's request for admissions and, pursuant to Rule 90(c), each matter set forth therein is deemed admitted. See generally , affd. . Summary judgment is appropriate where there is no genuine issue of material fact and the decision can be made as a matter of law. Rule 121(b); . *267 This case is ripe for summary judgment. Respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); . Fraud may be established through facts deemed admitted under Rule 37(c) and Rule 90. , affg. ; . Courts have developed "badges of fraud" that tend to establish fraudulent intent. These include understatement of income, inadequate records, failure to file tax returns, implausible or inconsistent explanations of behavior, and failure to cooperate with tax authorities. , affg. ; . These "badges of fraud" are nonexclusive. . A taxpayer's entire course *268 of conduct may establish the requisite fraudulent intent. ; . The intent to conceal or mislead may be inferred from a pattern of conduct. . Understatement of income, by itself, does not establish fraud. However, a consistent pattern of understating income over a number of years is strong evidence of fraudulent intent to evade the income tax. , affg. and ; . Respondent has established that petitioner understated his income and that petitioner failed to cooperate with respondent. Petitioner has produced no records, and we find petitioner's explanation, through his brother, implausible and ridiculous. Petitioner understated his income and his income tax liability on his returns for *269 two consecutive years. Petitioner has failed to refute the material facts on which respondent's fraud claims are based. Thus, respondent's motion for summary judgment is granted. Respondent also has filed a motion for damages pursuant to section 6673. Section 6673(a)(1) provides: SEC. 6673. SANCTIONS AND COSTS AWARDED BY COURTS. (a) Tax Court Proceedings. -- (1) Procedures instituted primarily for delay, etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
Petitioner is no stranger to the Tax Court. We addressed his 1981 through 1987 tax years in , affd. without published opinion , and his 1988 tax year in , *270 affd. without published opinion . In each case this Court assessed a penalty under section 6673, and in , petitioner was held liable for the civil fraud penalty based on various fanciful deductions. Petitioner also filed a petition with this Court on February 18, 1992 (docket No. 3200-92), which was dismissed on March 4, 1994, for lack of prosecution. In the instant case, petitioner has dreamed up an $ 86,000 loss for each of the years 1990 and 1991. Petitioner, through his brother, has represented that the Federal Government has stolen $ 86,000 from petitioner's home. Because this identical amount was deducted on his 1990 and 1991 returns, petitioner apparently would have us believe that the Federal Government has stolen from him an identical amount of cash in two consecutive years. Petitioner produced no evidence to support his claim and has failed to cooperate with respondent. Petitioner has established an undeniable pattern of filing frivolous petitions in this Court, and the petition filed in this case is no exception. When petitioner's brother filed "Petitioner's Petition *271 and Status Report to the Court", we treated that filing as a motion for stay of proceedings and directed respondent to respond, and set the matter for hearing. Petitioner did not appear at that hearing and has repeatedly ignored this Court's orders. We offered every opportunity for petitioner to argue his case. We conclude that petitioner's position is frivolous and that petitioner instituted the proceeding in this Court primarily for delay. We grant respondent's motion under section 6673, and we will require petitioner to pay to the United States a penalty in the amount of $ 25,000. Respondent's motion for judgment by default is deemed moot in light of this Memorandum Opinion. However, if that motion were not deemed moot, the facts of this case would clearly support the granting of such a motion. To reflect the foregoing, An appropriate order and decision for respondent will be entered.
Footnotes
1. Respondent calculated petitioner's tax liability as follows: ↩
1990 1991 Other income
$ 86,000 $ 86,000 Total adjustments
86,000 86,000 Taxable income per return
(44,659)
(59,890)
Corrected taxable income
$ 41,451 $ 26,110 Tax (from rate schedule)
9,085 4,670 Tax (from return)
0 0 Corrected tax liability
$ 9,085 $ 4,670